IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| Matthew B., by and through his Representative and Parent, G.F. and B.B., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) NO. 3:22-cv-00675 ) ) JUDGE CAMPBELL |
| CLARKSVILLE MONTGOMERY COUNTY SCHOOL SYSTEM, | ) MAGISTRATE JUDGE HOLMES ) ) |
| Defendant. | ) |

## SEALED ORDER

This case concerns Matthew B.'s rights under the Individuals with Disabilities Education Act ("IDEA") and whether that Defendant Clarksville Montgomery County School System ("CMCSS") provided him with a free and appropriate public education (FAPE) when he was in the first through nine grades (2011-2020). A thorough factual record of this matter is provided in Magistrate Judge Holmes' Report and Recommendation. (*See* Doc. No. 20).[1] For the reasons explained below, the Court finds that CMCSS failed to provide Plaintiff Matthew B. with a FAPE from 2011 to 2020, for which recovery is appropriate.

### I. PROCEDURAL POSTURE

In 2021, Matthew B. initiated an administrative due process complaint against CMCSS, alleging that it violated the "child find" provision of the IDEA and did not provide him with a FAPE. (*Id*. at 25-26). A state administrative law judge ("ALJ") held a three-day hearing May 2022, and issued a final order at the beginning of July 2022. (*Id*. at 26). The ALJ determined in his final

---

[1] None of the parties objected to the Magistrate Judge's factual findings in the Report Recommendation.

order that Plaintiffs had not met their burden to show that CMCSS denied Matthew B. a FAPE during the 2020-2021 school year because CMCSS did not violate its child find obligation to create an individualized education program ("IEP") that could provide Matthew B. an educational benefit. (*Id*. at 26-27). The ALJ further concluded that he could not consider Matthew B.'s IEPs from elementary and middle when analyzing whether CMCSS provided FAPE because those IEPs were outside of the statutory period. (*Id*. at 31).

Matthew B. then filed the present case, by and through his representative, G.F., and parent, B.B., under the IDEA, appealing the ALJ's adverse final order. (Doc. No. 1). On July 19, 2023, the Magistrate Judge issued a Report and Recommendation on the parties' competing motions for judgment on the administrative record. (*See* Report and Recommendation, Doc. No. 20; cross motions for judgment on the administrative record, Doc. Nos. 11, 13, 15-17). In the Report and Recommendation, the Magistrate Judge found that the ALJ erred in his analysis of the statute of limitations issue, and that in light of that error, it was not possible to conduct a meaningful review of the ALJ's determination that the legal requirements to prove denial of a FAPE had not been met because the ALJ failed to develop factual findings and legal conclusions with respect to Matthew B.'s claims based upon a period prior to February 3, 2019. (Doc. No. 20 at 38-39).

Accordingly, the Magistrate Judge recommended remanding this matter to the ALJ for further administrative adjudication regarding whether any of Matthew B.'s claims based upon or related to the IEPs that were in place prior to February 3, 2019, are meritorious. (*Id*. at 39). Additionally, the Magistrate Judge found that CMCSS did not commit a procedural violation of the child find provision of the IDEA. (*Id*. at 43). Based on her findings, the Magistrate Judge recommended that the undersigned grant Matthew B.'s motion for judgment on the administrative

2

record on the statute of limitations issue and deny CMCSS's motion for judgment on the administrative record on the statute of limitations issue. (*Id*. at 44).

Matthew B. objected to the Magistrate Judge's finding that CMCSS did not violate the "child find" provision of the IDEA and to the recommendation that this matter be remanded to the ALJ, to which CMCSS filed a response, and Matthew B. filed a reply. (Doc. Nos. 21, 22, 23). On September 27, 2023, the undersigned adopted the Magistrate Judge's finding that the ALJ erred in his statute of limitation analysis but did not adopt the Magistrate Judge's other legal findings or recommendations. (Doc. No. 24). Accordingly, the Court granted Matthew B.'s motion for judgment on the administrative record as to the statute of limitations issue and denied CMCSS's motion as to that issue. (*See id*.). The Court held a teleconference on October 5, 2023, during which it notified the parties that it would hear oral argument on the remaining issue of whether Matthew B. was denied FAPE (rather than remanding this matter back to the ALJ as recommended by the Magistrate Judge). (*See* Doc. No. 25).

On November 28, 2023, the parties filed supplemental briefing. (Doc. Nos. 26, 27). On January 3, 2024, the Court heard oral argument on whether CMCSS provided Matthew B with FAPE. (*See* Doc. No. 30). At oral argument, the parties agreed that there is no factual dispute.

## II. LAW

The IDEA, 20 U.S.C. § 1400 *et seq*., requires states that receive federal funds for education to provide every disabled child who wants it a 'free and appropriate public education.'" *L.H. v. Hamilton Cty. Dept. of Ed*., 900 F.3d 779, 788 (6th Cir. 2018) (citing 20 U.S.C. § 1412(a)(1)(A)). The centerpiece of the IDEA's "education delivery system" is the "individualized education program" ("IEP"). *Id*. The school must prepare an IEP that provides the disabled student with FAPE. *Id*. (citing 20 U.S.C. §§ 1414(d)(1)(A).

The IDEA provides that "parents who disagree with the appropriateness of an IEP can seek relief" by filing "a complaint to the school district, followed by a due process hearing at which parents are able to voice their concerns to an [independent hearing officer] of the state educational agency, as determined by state law." *Knable ex rel Knable v. Bexley City Sch. Dist.*, 238 F.3d 755, 763 (6th Cir. 2001); *see also* 20 U.S.C. § 1415. After the state administrative law judge issues a decision, the parties may challenge the adequacy of an IEP in federal court. 20 U.S.C. § 1415(i)(2)(A). The party challenging the IEP has the burden of proving by a preponderance of the evidence that the IEP devised by the school district is inappropriate. *Deal v. Hamilton Cty. Bd. of Ed.*, 392 F.3d 840, 854 (6th Cir. 2004).

Courts reviewing administrative appeals under the IDEA engage in a two-part inquiry, first determining whether the school system has complied with the IDEA's procedural requirements and then assessing whether an IEP developed through those procedures was reasonably calculated to enable the child to receive educational benefits. *Bd. of Educ. of Hendrick Hudson Cent. Sch. Dist. v. Rowley*, 458 U.S. 176, 206-07 (1982). Where a procedural violation occurred the inquiry is whether the violation caused substantive harm to either the parents or the child; if so, the violation constitutes a denial of FAPE. *See Alvarez v. Swanton Loc. Sch. Dist.*, 458 F. Supp. 3d 726, 734 (N.D. Ohio 2020). To this end, the court reviewing an administrative determination "(i) shall receive the records of the administrative proceedings; (ii) shall hear additional evidence at the request of a party; and (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate." 20 U.S.C. § 1415(i)(2)(C)(i)–(iii).

The IDEA's child find requirement is an affirmative obligation of every local educational agency to identify children who are reasonably suspected of having disabilities and to evaluate those students to determine whether they are eligible for special education services. *Bd. of Educ.*

4

of Fayette Cnty. v. L.M., 478 F.3d 307, 313 (6th Cir. 2007). To establish a child find violation, plaintiffs "must show that school officials overlooked clear signs of disability and were negligent in failing to order testing, or that there was no rational justification for not deciding to evaluate." *Id*. The re-evaluation requirement at issue here is in Section 1414(a)(2), which provides:

> **(2) Reevaluations**
>
> **(A) In general**
>
> A local educational agency shall ensure that a reevaluation of each child with a disability is conducted in accordance with subsections (b) and (c)—
>
> > **(i)** if the local educational agency determines that the educational or related services needs, including improved academic achievement and functional performance, of the child warrant a reevaluation; or
> >
> > **(ii)** if the child's parents or teacher requests a reevaluation.
>
> **(B) Limitation**
>
> A reevaluation conducted under subparagraph (A) shall occur—
>
> > **(i)** not more frequently than once a year, unless the parent and the local educational agency agree otherwise; and
> >
> > **(ii)** at least once every 3 years, unless the parent and the local educational agency agree that a reevaluation is unnecessary.

20 U.S.C.A. § 1414(a)(2).

### III. ANALYSIS

The Court begins with determining whether CMCSS has complied with the IDEA's procedural requirements. Matthew B. argues CMCSS procedurally violated the IDEA's child find requirement set forth in 20 U.S.C. § 1414(a)(2)(B)(ii) because it failed to conduct the requisite three-year re-evaluations of him in fourth and seventh grade and there was no rational justification for its decision to not re-evaluate. Matthew B. further argues those procedural failures to re-

5

evaluate him caused him substantive harm because, for nine years, he remained at a first-grade reading level without IEPs providing specially designed instruction for his SLD-dyslexia.

Here, CMCSS conducted an initial evaluation of Matthew B. in 2011, when he was in first grade, and determined he had medical diagnosis of attention deficit hyperactivity disorder and that he also met the "standards for identification as having a Learning Disability." The first IEP was created for Matthew B. in February 2012 and listed his primary disability as "Other-Health Impairments" and his secondary disability as "none." Over the next nine years, Matthew B. had many IEPs, but none of them delivered specially designed instruction to help him learn how to read beyond a first-grade level. And although Matthew B. remained at a first-grade reading level from first through ninth grade, CMCSS chose not to re-evaluate him during this time.

Given that Matthew B. still could not read beyond a first-grade level when he was in fourth *and* seventh grade and showed no appreciable progress in reading level for over five years, the Court finds there was no rational justification for CMCSS deciding not to re-evaluate Matthew at three-year intervals as required by 20 U.S.C. § 1414(a)(2)(B)(ii). Accordingly, the Court finds Matthew has shown CMCSS procedurally violated the IDEA's child find requirement. The Court further finds that CMCSS's procedural violations of the IDEA caused a deprivation of Matthew B.'s educational benefits that denied him appropriate IEPs, which resulted in the loss of educational opportunity and thereby caused him substantive harm. Accordingly, the Court finds that CMCSS failed to provide Matthew B. with a FAPE from 2011 to 2020, for which recovery is appropriate.

To remedy that failure, substantial compensatory education for reading must be provided. Based on the undisputed expert testimony about what Matthew B. requires now, to make up for what he should have received then, CMCSS shall provide compensatory education funding

equivalent to four hours per week for a period of four years at the rate of $73.25 an hour. This fund shall be used to obtain dyslexia-specific interventions for Matthew B. by a person highly trained in providing dyslexia-specific intervention.

The Clerk is directed to close the file.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
CHIEF UNITED STATES DISTRICT JUDGE